IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**VERNON J. WILLIAMS, et al.,**       :

    **Plaintiffs,**                :

**vs.**                                  :   CA 04-0632-BH-C

**FRESENIUS MEDICAL CARE**            :
**NORTH AMERICA, INC.,**

                                     :

    **Defendant.**

ORDER

This action is before the Court on a motion to compel discovery filed by plaintiffs Antyone T. Crenshaw, Vernon J. Williams, Carl J. Coker, Dexter J. Devaughn, Sr. and Darrell D. Carter (Doc. 24). This motion has been referred for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(A). After a complete review of the motion to compel, the response in opposition to the motion to compel (Doc. 31), the amended response in opposition to the motion to compel (Doc. 36), and after having heard from the parties during oral argument conducted on July 26, 2005, it is determined that the motion is due to be **GRANTED IN PART AND DENIED IN PART**.

The actions presented by the plaintiffs in this case are brought pursuant to Title VII of the Civil Rights Act and 42 U.S.C. § 1981, alleging racial discrimination by defendant when it decided not to promote any of the five African American plaintiffs into newly-created positions for which they were arguably qualified during March, 2003.

Plaintiffs served their first set of interrogatories and request for production of documents on March 22, 2005, but did not receive a response until June 2, 2005.  Although there was a lengthy delay from service to response, it appears from the statements made by counsel that this delay was by agreement of counsel and therefore does not constitute a waiver by defendant of its opportunity to object to the discovery at issue.

Subsequent to the filing of the motion to compel, supplemental responses have been made by the defendant.  The supplemental production has resolved the motion to compel as to those interrogatories and request for production of documents that were not discussed during oral argument. Accordingly, the only discovery at issue during oral argument was that requested through interrogatories 4 and 9-13, and request for production of documents numbered 3-5 and 8.

As stated at the close of the hearing on July 26, 2005, the motion to compel the production of additional information, including documents, is **DENIED** as to all discovery requests except request for production of documents number 3 and interrogatories 9-13.  As orally stated during the hearing and memorialized herein, the motion to compel fails in the main on the alternative bases that a sufficient showing of relevance had not been made, the plaintiffs were unable to identify specific documents or categories of documents containing relevant information that had not been produced or the

requests for production were overly broad and vague. Even so, it was determined that defendant's proffer contained in brief, but not in its discovery answers, that certain information has not been found or is not within its possession, custody or control demanded additional investigation and supplemental answers.

For this reason, it is required that defendant engage in an additional search for audits of its race discrimination policies from January 1, 2000 until the present in response to interrogatory number nine, for complaints alleging race discrimination in response to interrogatories 10-13 and for technical audits of the nine employees designated by the plaintiffs covering the period of the years 2001 through 2005.[1] Within seven days after the July 26, 2005 hearing, defendant shall either make a supplemental production of documents found that are responsive to these discovery requests, or provide a certification under penalty of perjury that no information responsive to these interrogatories and/or requests for production of documents is within the custody and control of the defendant.

DONE AND ORDERED this 29th day of July, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

[1] The nine employees identified by plaintiff's counsel would be the five plaintiffs and those four white employees who were promoted to the supervisory positions at issue.