**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| VERNON J. WILLIAMS, et al, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Case No.: 04-632-BH-C |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | |
| NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion (Doc. 53) to Strike the 28 U.S.C. §1746 Declaration of Elliot Sierra (hereinafter, "declaration"). Plaintiffs allege that Sierra's declaration is improper because it is contradictory to his deposition testimony and what was put forth in Defendant's written response to Plaintiffs' EEOC charge. (Pls.' Mot. Strike, Doc. 53, p.1-2). Specifically, Plaintiffs contend that Sierra's deposition testimony regarding the criteria he examined in determining who would fill the supervisory positions is inconsistent with his statements in the declaration. The Court disagrees and Plaintiffs' Motion (Doc. 53) to Strike is **due to be DENIED**.

**FMCNA's EEOC Response**

In its response to Plaintiffs' EEOC claim, FMCNA stated that the chief criteria in determining which candidates would be promoted was the timeliness and quality of reports. (Doc. 54-3). It was also proffered that Sierra took into consideration the annual technical audits. *Id*. Finally, FMCNA submitted recent performance evaluations as evidence of better performance by those selected for the supervisory positions. *Id*. It does not indicate, however, that these were relied upon by Elliot Sierra.

**Elliot Sierra's June 2005 Deposition**

In Sierra's deposition he testifies that he did not specifically "look over" the personnel files and audit reports of the eligible candidates. (Sierra Dep. at 72). However, it is further stated, in that same deposition, that he was the individual who audited and reviewed the personnel files of each of the candidates every year since 1996 while they were chief technicians. *Id*. at 72, 87. Based on this, Sierra testifies, he did not need to go back and specifically examine the candidates files. *Id*. at 72. He further articulated four areas of past experience with the candidates (timeliness of reporting, general upkeep of the facility, overall cooperation and willingness to go above and beyond) that led him to his employment decision. *Id*. at 75-76. When asked more specifically about the status reports of the candidates, Sierra is critical of three of the Plaintiffs' reports (DeVaughn, Crenshaw and Coker), but cannot recall much more at that time. *Id*. at 76-77.

**Sierra's July 2005 Declaration**

In his declaration, Sierra predominately extrapolates on his past experiences with each of the candidates and how it affected his opinion of them regarding his hiring decisions. Though he does generally reference the candidates' employment evaluations as general support for his opinions, there is no claim that any specific performance evaluations were relied on.

**Plaintiffs' Objections**

Plaintiffs first submit that FMCNA's EEOC response stated that Sierra, in making his promotion decisions, considered the yearly technical audits performed by Sierra and the monthly "status reports" submitted by the chief technicians to Sierra. (Pls. Mot. Strike at 2). However, based on Sierra's deposition testimony, Plaintiff alleges that Sierra denied looking at the candidates' technical audits and there was little differentiation between them. *Id*. at 3-4. It is further stated that Sierra could not recall anything in particular about his past experiences with the candidates. *Id*.

However, Plaintiff complains, the declaration included specific incidences and technical audits regarding the candidates which allegedly supported his decision. *Id*. at 4. Plaintiffs further contend that FMCNA's motion for summary judgment is inconsistent as it focuses on the annual evaluations given to the candidates as support for the employment decisions, despite the testimony of Sierra. *Id*. at 3-4. In support of their motion to strike, Plaintiffs submit case law that indicates the propriety of striking affidavits that contradict previous testimony as to material facts. *Id*. 4-5.

**Analysis and Conclusion**

As an initial distinction, the Court notes that the declarant of the testimony in the documents and exhibits in question varies. As far as the EEOC report and the motion and brief for summary judgment, Defendant FMCNA is the party making the assertions. However, Elliot Sierra's deposition and declaration include only his testimony. The cases provided by Plaintiffs only indicate the appropriateness of striking affidavit testimony that is contradictory to that of the *declarant's* previous deposition testimony. *See McCormick v. City of Lauderdale*, 333 F.3d 1234 (11th Cir. 2003); *Junkins and Assocs. v. U.S. Indus., Inc.*, 736 F.2d 658 (11th Cir. 1984). Though the testimony of FMCNA and Elliot Sierra may be contradictory or inconsistent as to some matters, such inconsistencies are not what the proffered case law addresses. Rather, the Court finds that these inconsistencies simply represent another factor to be weighed in examining whether Defendant has articulated a legitimate nondiscriminatory reason for its employment decision and whether such decision was pretextual.

Upon examination of the deposition and declaration of Elliot Sierra, the Court does not find that there is any contradiction of material facts. Rather, the Court finds that the declaration is simply an elaboration on Sierra's opinion of each of the candidates based on the criteria of past experiences that he stated he relied upon in his deposition. Further, Sierra does not seem to indicate any reliance

upon specific performance evaluations that would be contradictory to his deposition testimony.

As for Plainitiffs' concerns that the declaration includes "vast amounts of new testimony not previously provided," the Court does not feel that such additional assertions are prejudicial. All of the testimony within the declaration simply elaborates on or is related to the areas of past experience that Sierra indicated he relied upon to make his decision in his deposition. Based on Sierra's deposition testimony, Plaintiffs should have been aware that the employment decisions were predominantly based on Sierra's past experience with the candidates and that evidence and opinions of such past experiences would be proffered by FMCNA as its legitimate nondiscriminatory reason for the employment action.

Therefore, the Court finds that Plaintiffs' Motion (Doc. 53) to Strike is **hereby DENIED**.

**So ORDERED**, this 1st day of February, 2006.

                                                                                         s/ W. B. Hand
                                                                     SENIOR DISTRICT JUDGE