**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VERNON J. WILLIAMS, et al, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Case No.: 04-632-BH-C |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | |
| NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion (Doc. 103) for Reconsideration of this Court's Order (Doc. 94) on Summary Judgment. Plaintiffs submit that the Supreme Court's recent ruling in *Ash v. Tyson Foods, Inc.*, — S.Ct. —, 2006 WL 386343 warrants a reevaluation of our ruling granting in part and denying in part Defendant's motion for summary judgment. The Court agrees and Plaintiffs' Motion (Doc. 102) to Reconsider is **due to be and hereby GRANTED**. However, upon review, the Court finds that though we may have applied a standard that the Supreme Court has now deemed to be "unhelpful and imprecise," our holding was not in error. Therefore, we uphold our previous Order (Doc. 94) on Summary Judgment **DENYING in part and GRANTING in part**.

*Ash* **Decision**

The crux of Plaintiffs' argument for reconsideration of our previous order on summary judgment is the recent holding of the Supreme Court regarding the Eleventh Circuit's standard in discrimination cases where a plaintiff is attempting to demonstrate pretext through the comparison of qualifications. *Ash*, at *1. Under the Eleventh Circuit's prevailing standard, courts have permitted a plaintiff to establish pretext only when "the disparity in qualifications is so apparent as

to virtually jump off the page and slap you in the face." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001); *Denney v. City of Albany*, 247 F.3d 1172, 1187 (11th Cir. 2001). In *Ash*, however, the Supreme Court held, "[t]he visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard inferring pretext from superior qualifications."

The Supreme Court's ruling in *Ash* does not attempt to "define more precisely what standard should govern pretext claims based on superior qualifications." Rather, it only finds that "some formulation other than the [slap you in the face] test the [Eleventh Circuit] Court of Appeals articulated in this case would better ensure that trial courts reach consistent results."

Now forced to articulate our standard in different language, this Court turns to the Eleventh Circuit's explanation of the "slap you in the face standard." In utilizing the "slap you in the face" standard, the *Cooper* Court noted that it "should be understood to mean that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." 390 F.3d at 732 (citing *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253-54 (11th Cir. 2000)). The Supreme Court did not determine that this explanation is an incorrect application of the law; rather, it favorably notes the Eleventh Circuit's explanatory language in *Cooper* as an alternative to the more visual and less substantive "slap you in the face" standard. *See Ash*, at *2.

***Application to the Instant Case***

In the case *sub judice*, the Court utilized the then prevailing "slap you in the face" standard in analyzing whether Plaintiffs had demonstrated whether Defendant's proffered legitimate and nondiscriminatory reasons for promoting the white candidates to supervisory positions were pretext. (Doc. 94, p. 25-27). Though mindful of the Eleventh Circuit's meaning behind the standard, as

espoused in *Cooper*, when originally ruling on this matter, the Court reexamines Plaintiffs' contentions that their superior qualifications raise a genuine issue of material fact as to the propriety of Defendant's hiring decisions.

As stated in our previous order, a plaintiff cannot establish pretext simply by demonstrating that they are more qualified than the non-protected class individual who was promoted in their stead. *Cooper*, 390 F.3d at 744. "The relevant issue is not whom we would determine to be better qualified for the job ... we do not sit in judgment of the wisdom of an employer's selection." *Id*. (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)). Rather, Plaintiffs must demonstrate that the disparity in qualifications between themselves and the white candidates who obtained supervisory positions are of "such weight and significance that *no reasonable person*, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id*. (citing *Lee*, 226 F.3d at 1254) (emphasis added). Based on the analysis laid out in our previous order, the Court does not find that Plaintiffs have satisfied this substantial burden.

In their motion to reconsider, Plaintiffs also contend that they demonstrated evidence that FMCNA's stated legitimate and nondiscriminatory justifications for the employment decisions were false. Based on the Supreme Court's ruling in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000), Plaintiffs submit that evidence of falsity, in conjunction with the establishment of a *prima facie* case, creates a jury issue. The Court does not disagree with the Supreme Court's holding in *Reeves*. However, as noted in its previous order on summary judgment, the Court does not find that Plaintiffs have demonstrated any evidence that FMCNA's legitimate and nondiscriminatory justifications are false. As we have already addressed, Plaintiffs have not presented any legitimate evidence that Elliot Sierra was not the actual decision maker for the

supervisor positions, nor have they shown inconsistencies between FMCNA's EEOC Response and Sierra's proffered reasons for the promotion decisions. (Doc. 94 at 23). Plaintiffs also rely on a misinterpretation of this Court's findings in our Order denying their motion to strike. In evaluating Plaintiffs' motion to strike, the Court simply held that any inconsistencies that *may* exist between the statements of FMCNA and Elliot Sierra would not effect whether Sierra's declaration would be stricken. If there were such inconsistencies, we held that they would be more properly addressed in examining whether FMCNA's proffered reasons were pretext. As already noted, we did analyze, in some detail, the alleged inconsistencies between the statements of FMCNA and Sierra and found no support to these claims.

Based on the above analysis, the Court does not find that its previous order on summary judgment was incorrect. Though we may have articulated the standard for analyzing Plaintiffs' alleged superior qualifications in what the Supreme Court has now determined to be an improper characterization, we do not find that the Supreme Court overruled the underlying substantive criteria of that standard. Therefore, applying the more appropriate standard espoused in *Cooper* and *Lee*, the Court finds that its holdings in its previous order granting in part and denying in part Defendant's motion for summary were not erroneous. Furthermore, the Court has found that Plaintiffs have not supported their claims that Defendant proffered inconsistent or incompatible justifications for their promotion decisions. Therefore, upon reconsideration, the Court **UPHOLDS** its Order (Doc. 94) **GRANTING in Part and DENYING in Part** Defendant's Motion (Doc. 49) for Summary Judgment.

**So ORDERED**, this 9th day of March, 2006.

                                                    s/ W. B. Hand
                                              SENIOR DISTRICT JUDGE