### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| VERNON J. WILLIAMS, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No.: 04-632-BH-C |
| ) | |
| FRESENIUS MEDICAL CARE ) | |
| NORTH AMERICA, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the parties' Pretrial Memorandums (Docs. 99 & 100) and Replies (Docs. 104 & 105) regarding the appropriate distribution of potential damages in this case. Based on the facts presently before the Court and, more significantly, upon the position proffered by all Plaintiffs at the Status Conference on April 19, 2006, the Court finds that any damages that may be awarded by a jury in this matter will be distributed among all Plaintiffs on a *pro rata* basis.

To clarify, although there are five plaintiffs in this action, there is only one position for which they were vying. Pursuant to the Eleventh Circuit's ruling in *United States v. City of Miami*, 195 F.3d 1292, 1300-01 (11th Cir. 1999), it would be impossible for each of them to obtain that position, therefore, they would not each be entitled to a full share of damages. Correlating to there only being one position in dispute, the jury will be instructed that they may only award a single calculation of damages for back-pay, a single calculation for compensatory and a single calculation for punitive. Each of these amounts will be distributed among the Plaintiffs on a pro-rata basis.[1]

---

[1] The exact breakdown of how these amounts will be calculated and distributed may be taken up at a later time. There is some case law supporting the propriety of using a variant of the pro rata method in which the award to each class member is calculated on a proportional basis. *City of Miami*, 195 F.3d at 1300; *Albright v. City of New Orleans*, 208 F.Supp.2d 634, 640-641

Plaintiffs, however, allege that even if back pay is awarded on a pro rata basis, Title VII provides that they may each be entitled to a full and individual share of compensatory damages. The Court disagrees. Under Title VII, only the individuals who were injured in fact may obtain compensatory damages. *See Arnold v. United States Dep't of the Interior*, 313 F.3d 193, 197 (5th Cir. 2000) ("among multiple job applicants who fail to secure the position because of discrimination, only those who can prove that they would have gotten the position but for the discrimination can recover the compensatory damages.") In the instant case, since there was only one position available, only one plaintiff could have suffered the injury in fact of not receiving the promotion to inventory supervisor. However, pursuant to the rationale in *City of Miami*, a class-wide remedy, such as pro rata distribution, may be applied when a determination of the individual who should have received the position is impossible or unwieldy. 195 F.3d at 1299. As with back pay, because the Court cannot determine the plaintiff who would be entitled to that position, a single class-wide award of compensatory damages is the appropriate solution in the instant action.

**So ORDERED**, this 24th day of April, 2006.

>         s/ W. B. Hand
> SENIOR DISTRICT JUDGE

---

(E.D. La. 2002).