IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERNON WILLIAMS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 04-0632-BH-C |
| FRESENIUS MEDICAL CARE | ) |
| NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on plaintiffs' objections (Doc. 147) to the special instruction number "2" on the Court's "Verdict Form." According to the plaintiffs, "[this] instruction/interrogatory effectively compels the jury to function as a 'super personnel department' and determine which one, if any, of the Plaintiffs should have received the challenged promotional opportunity." Despite plaintiffs' protestations to the contrary, it is well established in the law that "among multiple job applicants who fail to secure the position because of discrimination, only those who can prove that they would have gotten the position but for the discrimination can recover compensatory damages." *Arnold v. United States Dept. Of the Interior*, 213 F.3d 193, 197 (5th Cir. 2000). It is true that the Eleventh Circuit in *United States v. City of Miami*, 195 F.3d 1292 (11th Cir. 1999), applied a pro-rata class wide remedy. It did so, however, only because that class action litigation involved twenty-three police lieutenant candidates for only one promotion at

issue and twelve sergeant candidates for only one promotion at issue and because "it is difficult, if not altogether impossible years later, to discern *which* of these candidates would have been promoted." 195 F.3d at 1299 (emphasis in original). The Eleventh Circuit itself distinguished the *City of Miami* case from *Taxman v. Board of Educ.* 91 F.3d 1547 (3rd Cir. 1996) which "involved two individuals for one position, and a probability of retention (fifty percent) closely approximate to a more likely than not standard, rather than a very large class vying for only one position." In the case at bar, there was but one promotion to Inventory Supervisor available and only five candidates dispute the defendant's selection. This case does not involve the "quagmire of hypothetical judgments" at issue in the *city of Miami* case and is more than amenable to the application of the "more likely than not" standard.

It is therefore **ORDERED** that plaintiffs' objections to the Court's verdict form be and are hereby **OVERRULED**.

**DONE** this 16th day of April, 2007.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE